```
STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
SAPNA MEHTA (CABN 288238)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6925
    FAX: (415) 436-6748
    sapna.mehta@usdoj.gov
```

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | CASE NO. 4:21-CV-09633-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT AND STIPULATED REQUEST TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Date:  March 15, 2022<br>Time:  2:00pm<br>Location:  Telephonically |

Plaintiffs The Center for Investigative Reporting and Ike Sriskandarajah ("Plaintiffs") and Defendant United States Department of Homeland Security, Immigration and Customs Enforcement ("Defendant") submit this Joint Case Management Statement pursuant to the Court's Order (Dkt. 5), Civil Local Rule 16-9, and the Standing Order for All Judges of the Northern District of California.

**1.    Jurisdiction and Service**

There are no issues concerning personal jurisdiction, venue, or service. Plaintiffs brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Defendant has been served.

**2.    Facts**

This case arises out of a FOIA request Plaintiffs submitted to Immigration and Customs

Enforcement ("ICE"), a component of the United States Department of Homeland Security. The request seeks ICE records relating to the Human Rights Violators and War Crimes Center, an entity established by an ICE directorate.

The parties have conferred on multiple occasions via videoconference and email in an effort to reach agreement regarding the scope of the request. Pursuant to those discussions, ICE has conducted a search to collect the potentially responsive records to be reviewed. Once the final page count is determined, the parties will confer on a production schedule. Defendant anticipates providing a production schedule in the near future. At this time, ICE has agreed to process the pages at a rate of at least 500 pages per month and will release on a rolling basis the non-exempt responsive records to Plaintiffs each month.

**3.    Legal Issues**

The parties have been conferring in good faith to resolve Plaintiffs' claim. If necessary, however, they may ask the Court to resolve whether Defendant properly asserted legal exemptions with respect to certain documents that may be withheld from production in whole or in part.

**4.    Motions**

There are no prior or pending motions. If this matter is not resolved between the parties, they anticipate filing cross-motions for summary judgment and will meet and confer regarding a schedule for summary judgment briefing.

**5.    Amendment of Pleadings**

The parties do not anticipate amendment of the pleadings.

**6.    Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties are not aware of any evidence preservation issues that may affect this case.

**7.    Disclosures**

The parties requested that they be relieved from the initial disclosure requirements of Federal Rule of Civil Procedure 26(a), which the Court granted. Order (Dkt. 14).

**8.    Discovery**

The parties have not engaged in discovery and do not anticipate that discovery will be necessary in this case.

**9.     Class Actions**

This lawsuit is not a class action.

**10.    Related Cases**

The parties are unaware of any related cases or proceedings pending before another court.

**11.    Relief**

Plaintiffs seek declaratory relief that Defendant violated FOIA by failing to provide the requested records; by failing to provide a final determination within the statutory timeframe; and by failing to provide a tracking number for this FOIA request. Plaintiffs also seek injunctive relief requiring Defendants to promptly release all responsive records, and will seek judgment in their favor, reasonable attorneys' fees, and costs.

Defendant denies that Plaintiffs are entitled to any relief and will seek dismissal, judgment in its favor, and costs.

**12.    Settlement and ADR**

The parties have been and are engaged in informal discussions to resolve this matter and do not believe that ADR will be necessary. The parties thus request that any consideration of ADR be deferred until after summary judgment motions are decided.

**13.    Consent to Magistrate Judge for All Purposes**

The parties have not consented to have a magistrate judge conduct all further proceedings.

**14.    Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties have met and conferred to narrow issues in dispute and will continue to do so.

**16.    Expedited Trial Procedures**

The parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17.   Scheduling**

The parties believe that a scheduling order is not necessary at this time and request that the Court continue the Case Management Conference for 30 days. The parties will file a joint status report one week in advance of the continued Case Management Conference to describe any outstanding issues and, if needed, will submit a proposed schedule for summary judgment briefing.

**18.   Trial**

The parties anticipate that this case will be resolved on summary judgment.

**19.   Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs have certified that there are no non-party interests to disclose pursuant to Civil Local Rule 3-15.  Certificate of Interested Entities (Dkt. 2).

Defendant is exempt from the requirement to file a Certification of Interested Entities or Persons under Civil Local Rule 3-15.

**20.   Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

Dated: March 8, 2022      By:   */s/ Sapna Mehta*
SAPNA MEHTA
Assistant United States Attorney
Attorney for Defendant

Dated: March 8, 2022      THE CENTER FOR INVESTIGATIVE REPORTING

By:   */s/ Shawn Musgrave*
D. VICTORIA BARANETSKY
SHAWN MUSGRAVE
Attorneys for Plaintiffs

**ATTESTATION**

1  | In compliance with Civil L.R. 5-1(h)(3), I attest that I have obtained concurrence in the filing of
2  | this document from each of the other signatories.
3  |
4  | Dated: March 8, 2022            By:     */s/ Sapna Mehta*
5  |                                         SAPNA MEHTA
   |                                         Assistant United States Attorney
   |                                         Attorney for Defendant

**[PROPOSED] ORDER**

Having reviewed the parties' Joint Case Management Statement, and good cause appearing therefore, it is hereby ordered that the Initial Case Management Conference scheduled for March 15, 2022 is continued to April 19, 2022.  The parties shall file a joint status report by April 12, 2022 to describe any outstanding issues and, if needed, to submit a proposed schedule for summary judgment briefing.

       IT IS SO ORDERED.

DATED:_____

_____
THE HON. HAYWOOD S. GILLIAM, JR.
United States District Judge

4:21-CV-09633-HSG